## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff, Lionel Dalton ("Plaintiff") and Defendant, Gator Linton Partners, Ltd. ("Gator") and Huetamo, Inc. d/b/a Taqueria Huetamo ("Huetamo and collectively with Gator, the "Defendants"). Plaintiff and Defendants are hereinafter referred to as the "Parties" who state as follows:

## RECITALS

**WHEREAS**, Gator is the owner of the property with a street address of 1499 S. Congress Avenue, Delray Beach, Florida 33445 (hereinafter, the "Facility").

**WHEREAS**, Huetamo is the owner and operator of the business known as Taqueria Huetamo which is located in the Facility pursuant to a valid lease with Gator;

**WHEREAS**, Plaintiff filed this action, *Lionel Dalton v. Gator Linton Partners, Ltd. and Huetamo, Inc. d/b/a Taqueria Huetamo,* in the United States District Court for the Southern District of Florida, Case No. 9:16-CV-80392-DMM (hereinafter, the "Action"), alleging, *inter alia*, that there are architectural barriers existing within the Facility that constitute violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter, the "ADA"), pursuant to which Plaintiff seeks injunctive relief, attorneys' fees, litigation expenses and costs;

**WHEREAS**, Defendants deny that any violation of the ADA or any other statue, code or ordinance related to the access for the disabled relative to the Facility;

**WHEREAS**, the Parties have agreed to resolve all claims against Defendants that were raised, or could have been raised, in the Action as specified in this Agreement;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, the Parties agree to be legally bound by the following terms and conditions:

1. **Recitals**: The Parties acknowledge that all of the "WHEREAS" clauses in the preceding paragraphs are incorporated as material parts of this Agreement.

2. **Release:** In consideration of the terms and conditions of this Agreement, Plaintiff, individually, his family members, partners, employees, respective agents, insurers, lenders, attorneys, heirs, predecessors, affiliated persons and/or entities, subsidiaries, all of his successors and assigns, and anyone claiming by or through him hereby releases, acquits, satisfies and discharges Defendants and all of their present and former officers, members, managers, employees, owners, shareholders, agents, insurers, lenders, contractors, attorneys, operators, heirs, predecessors, affiliated persons and/or entities, subsidiaries, all of its successors and assigns, and anyone claiming by or through them (collectively, "Released Parties") from all actions, demands, judgments, liabilities, causes of action, and suits for any relief against them including, but not limited to, claims for injunctive or declaratory relief, damages, attorneys' fees, expenses, expert's fees, costs, and any other element of relief or damages which Plaintiff claimed or could have claimed in the Action against Defendants and the Released Parties relating to the

Facility, whether in law or equity, arising under the ADA, Florida Accessibility Code, and/or any other federal, state, or local law, statute, code, policy, regulation or ordinance involving accessibility issues or any other law regarding disability. The Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission of any liability, wrongdoing, or responsibility on the part of the Released Parties. The Released Parties expressly deny any such liability, wrongdoing, or responsibility.

Plaintiff represents and warrants that no portion of any of the matters released by this Agreement and no portion of any recovery or settlement to which he might be entitled have been assigned or transferred to any other person, firm, or corporation not a Party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise.

This release excludes, and leaves unaffected, Defendants' obligations under this Agreement. This release is not intended to cover any property other than the Facility which is the subject of this action.

3. **Attorneys' Fees, Attorneys' Expenses and Costs**: Defendants shall pay Plaintiff's reasonable fees, expenses and costs incurred by Plaintiff, Plaintiff's counsel, and Plaintiff's expert witness in this matter in the amount set forth in the Parties' Confidential Stipulation for Settlement of Plaintiffs' Attorneys' Fees, Litigation Expenses and Costs. This payment represents complete satisfaction of Defendants' agreement to make payment toward Plaintiff and his attorneys' and expert's claims for monetary relief which were raised or could have been raised in this Action in settlement of this Action. Defendants shall have no role, responsibility, liability or interest regarding how the settlement amount is to be divided among Plaintiff's attorney(s), Plaintiff's expert(s), or other persons with claims to said settlement amount. Except as set forth herein, each party shall bear their own fees, expenses and costs related to this Action.

4. **Court Approval**: Within five (5) days of full execution of this Agreement, the Parties shall file a joint motion to approve the Agreement and dismissing the Action, with prejudice, along with a copy of the Agreement. The joint motion shall state that the modifications required hereunder are the only readily achievable modifications required under the ADA, and that the Facility will be ADA compliant under completion of the modifications required hereunder. The joint motion shall request that the Court retain jurisdiction to enforce this Agreement. In the event the Court does not approve this Agreement and/or the Action is not dismissed, with prejudice, Plaintiff shall immediately return to Defendants any and all payments made as set forth in paragraph 3, above. Plaintiff agrees to take any and all additional steps required to have the Action dismissed, with prejudice as set forth above.

5. **Other Actions**: The Plaintiff represents that, other than the Action, they have no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants and/or the Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board relating to the Facility.

6. **Modifications**: Huetamo shall cause to be completed, on or before April 29, 2017, the following modifications (the "Modifications") to the Facility:

   A. Install insulation or otherwise protect the plumbing pipes under the sink in the accessible restroom of the Facility;
   B. Install rear grab bar(s) in the accessible restroom of the Facility;
   C. Ensure that mirror(s) in the accessible restroom of the Facility are installed at the proper height;
   D. Replace sink fixtures in the accessible restroom of the Facility to those that do not require tight grasping, pinching and/or twisting of the wrist;
   E. Install cook hook in the accessible restroom in the Facility at the proper height; and
   F. Install signage for the accessible restroom in the Facility.

The Modifications required hereunder are the only readily achievable modifications to the Facility required under the ADA, and that the Facility will be ADA compliant under completion of the modifications required hereunder

The Modifications are subject to delays necessitated by acts of God, force majeure, or events beyond the control of Defendants (such as inability to obtain building or zoning permits, failure of the city or county inspectors to make inspections, contractor defaults, work stoppages, etc.), in which event the time periods for completion established hereby shall be extended appropriately, provided written notice of the delay and its grounds have been given to Plaintiff's counsel.

It is understood that the work to be done under this agreement or certain parts thereof may require submission to City or County Building Departments to obtain building permits; and all work performed thereunder is subject to permitting, inspection and approval by such government agencies and must comply with all applicable local building and zoning, fire and safety codes. Reasonable Deviations from the above described work to conform to building, zoning, fire, safety or other government requirements or regulations, or conditions discovered after work has begun, shall be permitted, providing same does not result in placing the property in non-compliance with the ADA and written notice of the deviation and its grounds shall be given to Plaintiff's counsel. All Reasonable Deviations from the above described work shall be the sole and exclusive responsibility of Huetamo.

7. **Alternative Solutions**: If the modifications described in Section 6 conflict with the Florida Statutes, building construction standards, county or city regulations or codes, or any other statute, act, law, rule, regulation, code, standard, or state or local governing body whatsoever, Huetamo shall attempt to identify and implement a reasonable alternative solution or variance should a readily achievable one exist. If any such alternative solution is applied by Huetamo, that party agrees to notify Plaintiff's counsel of same.

8.   **Right of Inspection**: Upon expiration of the time period for the modifications set forth in Paragraph 6 above, and to the extent that Huetamo is still operating its business in the Facility, Huetamo shall afford Plaintiff and Plaintiff's representatives reasonable access to the Facility to verify completion of the work required hereby at Plaintiff's sole expense, other than as set forth in paragraph 11, below. Nothing herein shall be construed to restrict or limit Plaintiff and/or his representatives from otherwise visiting or accessing the Facility.

9.   **Enforcement**: In the event the modifications described in Section 6 above are not completed in the time frame set forth in this Agreement, Plaintiff shall provide written notice of the same to Huetamo with a copy to Gator, and provide Huetamo with thirty (30) days to cure. If at the expiration of thirty (30) days, Huetamo has not completed the same, Plaintiff shall be entitled to file an action to obtain specific performance against Huetamo or otherwise enforce the requirements of this Agreement against said party.

10.   **Non-Admission Of Liability**:   Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Defendants, the Released Parties, or by any officials, contractors or agents of Defendants or the Released Parties of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

11.   **Attorneys' Fees and Costs Upon Breach**:   In any action to enforce this Agreement (including an action for specific performance and/or injunctive relief), the prevailing party shall be entitled to his/its reasonable attorneys' fees, expenses and costs, at all tribunal levels, as determined by the court.

12.   **Binding Nature of Agreement**: This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, assigns and successors and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

13.   **Governing Law and Jurisdiction**: This Agreement shall be deemed to be made and entered into in the State of Florida, and shall, in all respects be interpreted, enforced and governed under the laws of Florida. The Parties agree that any litigation brought to enforce this Agreement shall proceed in any court of competent jurisdiction in Palm Beach County, Florida.

14.   **Interpretation**: This Agreement has been negotiated by and between the Parties and shall not be construed against either party as the "drafter" of the Agreement. The Parties acknowledge that each has had an opportunity to consult with counsel of their own choosing concerning the meaning, import, and legal significance of this Agreement, and that each has done so to the extent desired. In addition, the Parties acknowledge that they each have read this Agreement, as signified by their signatures hereto, and are voluntarily executing the same after

having had the opportunity to seek the advice of counsel for the purposes and consideration herein expressed.

**15. Validity:** If any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

**16. Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any manner, except upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**17. Entire Agreement:** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements, representations, negotiations, and/or understandings between the Parties, oral or written, express or implied, hereto pertaining to the subject matter hereof.

**18. Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**19. Signatures in Counterparts:** This Agreement may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned e-mail copy of any party's signature shall be deemed as legally binding as an original signature.

**20. Effective Date:** The Effective Date of this Agreement shall be the date that its execution is completed by all Parties.

*[THIS SPACE HAS BEEN INTENTIONALLY LEFT BLANK.*
*SIGNATURES ARE ON THE FOLLOWING PAGE]*

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement on the below-listed dates:

_____
**LIONEL DALTON**
Dated: _____

**HUETAMO, INC.**

By: _____
_____, its _____

Dated: _____

**GATOR LINTON PARTNERS, LTD.**
By: GATOR PALM BEACH, INC. its general partner

_____
James A. Goldsmith, President

Dated: _____

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement on the below-listed dates:

_____
**LIONEL DALTON**
Dated: _____

**HUETAMO, INC.**

By: _____
_____, its _____

Dated: _____

**GATOR LINTON PARTNERS, LTD.**

By: _____
_____, its _____

Dated: _____

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement on the below-listed dates:

**LIONEL DALTON**
Dated: _____

**HUETAMO, INC.**

By: _____[signature]_____
_____, its _____
Dated: 5-17-2016

**GATOR LINTON PARTNERS, LTD.**

By: _____
_____, its _____
Dated: _____